IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIFFANY FARLEY ROUNDY, <br> BRADY BURKE ROUNDY, <br>    Plaintiffs, <br> v. <br> WELLS FARGO BANK, <br>    Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:12-cv-01032-DN-DBP <br><br> District Judge David Nuffer <br><br> Magistrate Judge Dustin B. Pead |

## I.   INTRODUCTION

This diversity matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket Nos. 4; 7; 11.)  On October 9, 2012, Plaintiffs filed their original complaint against Defendant in Utah state court.  (Dkt. No. 2-2, Ex. A.)  On November 5, 2012, Defendant filed a notice to remove the action to the United States District Court.  (Dkt. No. 2.)

The Court considers: (1) Defendant's motion to dismiss Plaintiffs' original complaint (Dkt. No. 7); (2) Plaintiffs' unopposed motion to file a first amended complaint (Dkt. No. 11); and (3) the parties' procedurally improper attempts to file relief requests within response and reply memoranda (Dkt. Nos. 18; 19; 24).

## II.   STANDARD OF REVIEW FOR AMENDING COMPLAINT

As a matter of course, a party may amend a complaint once within the earlier of: (1) twenty-one days after serving it; or (2) twenty-one days after an opposing party serves a responsive

pleading, or Rule 12 motion.  Fed. R. Civ. P. 15(a)(1)(A)-(B).  "In all other cases," a party may amend a complaint "only with the opposing party's written consent or the court's leave."  *Id.* 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*

### III.   DEFENDANT'S MOTION TO DISMISS ORIGINAL COMPLAINT, & PLAINTIFFS' MOTION TO AMEND COMPLAINT

On November 26, 2012, Defendant moved to dismiss Plaintiffs' original complaint because it violated Fed. R. Civ. P. 8(a), and failed to state a claim under Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 7.)  Plaintiffs never responded to Defendant's motion.  Instead, on December 19, 2012, Plaintiffs moved to amend their complaint.  (Dkt. No. 11.)

On January 7, 2013, Defendant responded that it did "not oppose Plaintiffs' filing of the First Amended Complaint."  (Dkt. No. 16 at 3.)  Given Defendant's consent, this Court **RECOMMENDS** the District Court **GRANT** Plaintiffs' motion.  (Dkt. No. 11.)  Consequently, this Court **RECOMMENDS** the District Court deem **MOOT** Defendant's motion to dismiss Plaintiffs' original complaint.  (Dkt. No. 7.)

### IV.   PLAINTIFFS' IMPROPER ATTEMPT TO FILE SECOND AMENDED COMPLAINT

Plaintiffs have not yet filed their first amended complaint with the Court.  *See* DUCivR 15-1 (instructing that, where the court grants a party's motion to amend a complaint, that party "must subsequently file the amended complaint with the court.")[1]

Despite this, on January 22, 2013, Defendant moved to dismiss Plaintiffs' proposed first amended complaint under Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 17.)  On February 19, 2013,

---

[1] Defendant states it will "treat the First Amended Complaint" attached to Plaintiffs' motion to amend (Dkt. No. 11) "as though filed and served contemporaneously herewith."  (Dkt. No. 16 at 3.)  Notwithstanding this, Plaintiffs must formally file an amended complaint with the Court.  If they fail to, the docket will continue to reflect their original complaint (Dkt. No. 2-2, Ex. A) as the operative complaint.

Plaintiffs filed "objections" to Defendant's motion. (Dkt. No. 18.) Substantively, Plaintiffs' response does not address any arguments raised in Defendant's motion.

Rather, Plaintiffs' response constitutes an attempt to file a second amended complaint. It lists new defendants (Dkt. No. 18, ¶¶ 7-9) and nine new causes of action (*id.*, ¶¶ 43-96, 100-124). It also alleges facts starkly different from Plaintiffs' previous filings. (*See id.*, ¶¶ 15-42.)

To the extent Plaintiffs' response constitutes an attempt to file a second amended complaint, it violates Fed. R. Civ. P. 15(a)(2). Plaintiffs filed it without Defendant's consent (Dkt. No. 19), and without the Court's leave. To the extent Plaintiffs' response constitutes an attempt to file a motion to amend, it violates DUCivR 7-1(b)(1)(A). This local rule prohibits parties from submitting such motions "in a response or reply memorandum." Rather, "[s]uch motions must be made in a separate document." DUCivR 7-1(b)(1)(A). Given these procedural errors, the Court **CANNOT CONSIDER** the relief Plaintiffs request in their response memorandum. (Dkt. No. 18.)

### V. DEFENDANT'S IMPROPER ATTEMPT TO STRIKE SECOND AMENDED COMPLAINT

On March 4, 2013, Defendant filed a reply (Dkt. No. 19) to its motion to dismiss (Dkt. No. 17). Defendant violated DUCivR 7-1(b)(1)(A) because Defendant improperly included a motion to strike Plaintiffs' purported second amended complaint (Dkt. No. 18) within its reply. As such, this Court **CANNOT CONSIDER** the relief Defendant requests in its reply memorandum. (Dkt. No. 19.)

### VI. PLAINTIFFS' IMPROPER ATTEMPT TO MOVE FOR THIRD AMENDED COMPLAINT

On May 31, 2013, Defendant filed a request to submit for decision its motion to dismiss (Dkt. No. 17).  (Dkt. No. 20.)  On June 3, 2013, Plaintiffs obtained counsel.  (Dkt. No. 21.)[2] Later that day, Plaintiffs filed a "response" (Dkt. No. 22) to Defendant's request to submit for decision (Dkt. No. 20).  Within the response, Plaintiffs asked for additional time to "analyze [their]claims and amend the complaint if necessary."  (Dkt. No. 22 at 2.)  On June 11, 2013, Defendant filed a "response" (Dkt. No. 23) to Plaintiffs' response (Dkt. No. 22).  On June 19, 2013, Plaintiffs filed a "reply" thereto.  (Dkt. No. 24.)

Initially, the Court notes one party should not file a "reply" to another party's request to submit for decision.  *See* DUCivR 7-1(b)(3)(B) (noting that, where one party opposes another party's motion, the moving party may reply to the opposition).

Even if Plaintiffs filed this "reply" to an appropriate motion, the reply violates DUCivR 7-1(b)(1)(A).  The reply improperly includes a motion to file a third amended complaint.  (Dkt. No. 24 at 4-5.)  Given these procedural errors, the Court **CANNOT CONSIDER** the relief Plaintiffs seek in this reply memorandum.  (Dkt. No. 24.)

### VII. RECOMMENDATIONS TO CORRECT PROCEDURAL DEFICIENCIES

The procedural irregularities discussed above have clouded the record in this case.  The record now contains three attempts to amend the complaint.  (Dkt. Nos. 11; 18; 24.)  It also contains an attempt to strike a second amended complaint (Dkt. No. 19) even though the Court never accepted any such complaint.  Given this confusion, the Court believes the parties should correct the record.

---

[2] Prior to June 3, 2013, Plaintiffs acted *pro se*.

To accomplish this, Plaintiffs must file the first amended complaint proffered in their motion to amend (Dkt. No. 11). Once this is done, the Court **RECOMMENDS** that Plaintiffs: (1) file a substantive response to Defendant's motion to dismiss Plaintiffs' first amended complaint (Dkt. No. 17); or (2) alternatively, file a procedurally proper motion for leave to file a second amended complaint.

If Plaintiffs choose to file a response to Defendant's motion to dismiss (Dkt. No. 17), the response should substantively address the arguments Defendant raised in its motion to dismiss. In other words, Plaintiffs should not use the response to file another inappropriate motion.

The Court recognizes its recommendation allows Plaintiffs to file a second response where Plaintiffs squandered their first response on a procedurally defective attempt to amend the complaint. (Dkt. No. 18.) However, the Court believes giving Plaintiffs the chance to file an appropriate response will clarify the record moving forward.

Alternatively, if Plaintiffs choose to file a motion for leave to file a second amended complaint, they should heed the following requirements. The motion to amend should procedurally comply with Fed. R. Civ. P. 15, and DUCivR 15-1. The motion should specifically identify plausible legal theories that Plaintiffs believe entitle them to relief. *See* Fed. R. Civ. P. 8(a).

The Court acknowledges this recommendation allows Plaintiffs to again move to amend their complaint. However, Plaintiffs' current proposed amendments convolute the record. For instance, Plaintiffs' inappropriate attempt to file a second amended complaint includes allegations that Defendant fraudulently securitized Plaintiffs' home loan. (Dkt. No. 18.) In contrast, Plaintiffs' inappropriate attempt to file a third amended complaint includes a request for

declaratory judgment that Defendant is the only party entitled to service Plaintiffs' home loan. (Dkt. No. 25 at 5.) A properly filed motion to amend the complaint will clarify this confusion.

## VIII. RECOMMENDATIONS

For the reasons discussed above, the Court issues the following **RECOMMENDATIONS**:

The Court **RECOMMENDS** the District Court deem **MOOT** Defendant's motion to dismiss Plaintiffs' original complaint. (Dkt. No. 7.)

The Court **RECOMMENDS** the District Court **GRANT** Plaintiffs' unopposed motion for leave to file a first amended complaint. (Dkt. No. 11.) The Court **RECOMMENDS** Plaintiffs file their first amended complaint no later than **ten (10) days** from the date the District Court adopts this Report and Recommendation.[3]

Once Plaintiffs file their first amended complaint, the Court **RECOMMENDS** Plaintiffs either: (1) file a substantive response to Defendant's motion to dismiss the first amended complaint (Dkt. No. 17); or (2) file a motion for leave to file a second amended complaint. The Court **RECOMMENDS** Plaintiffs do this no later than **ten (10) days** from the date they file their first amended complaint with the Court.

---

[3] The Court instructs Plaintiffs that the first amended complaint they file with the Court must comply with DUCivR 15-1. That is, their first amended complaint "must be the same complaint proffered to the court" with their motion to amend at Docket No. 11. DUCivR 15-1.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 27th day of June, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge