IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIFFANY FARLEY ROUNDY, <br><br>BRADY BURKE ROUNDY, <br><br>      Plaintiffs, <br>v. <br><br>WELLS FARGO BANK, <br><br>      Defendant. | REPORT AND RECOMMENDATION <br><br>Case No. 2:12-cv-01032-DN-DBP <br><br>District Judge David Nuffer <br><br>Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

This diversity matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Docket Nos. 4; 42.) The Court considers Defendant's motion to dismiss Plaintiffs' second amended complaint. (Dkt. No. 42.) For the reasons discussed below, this Court **RECOMMENDS** the District Court **GRANT** the motion.

## II.    FACTUAL BACKGROUND

The following facts come from Plaintiffs' second amended complaint. (Dkt. No. 41.) On July 26, 2010, Plaintiffs obtained a $125,000 loan from Direct Mortgage Corporation to refinance their home. (*Id.* at 2.) To obtain the loan, Plaintiffs executed a promissory note and trust deed that required Plaintiffs to repay the loan. (*Id.*) The trust deed listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. (*Id.*)

Thereafter, Direct Mortgage Corporation stopped acting as Plaintiffs' lender, and Defendant became the lender instead. (Dkt. No. 41 at 3.) On March 21, 2013, Defendant provided

Plaintiffs a document showing that MERS assigned the note to Defendant in August 2012. (*Id.* at 5.) However, Defendant refused to provide any additional documents regarding its acquisition of Plaintiffs' loan and any subsequent transfers of the note and trust deed. (*Id.*) Despite this, Plaintiffs made and continue making monthly loan payments to Defendant. (*Id.* at 4.)

On November 5, 2013, Plaintiffs filed their second amended complaint with this Court. (Dkt. No. 41.) Based on three causes of action, they seek a declaratory judgment that Defendant is barred from enforcing the note and trust deed.

### III. STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted . . . ." When evaluating a 12(b)(6) motion, a court presumes the well-pled facts in a plaintiff's complaint are true and draws reasonable inferences from those facts in the plaintiff's favor. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court may disregard conclusory allegations that lack supporting factual content. *See Erickson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). Along the same lines, a court need not "accept as true a legal conclusion couched as a factual allegation . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV. ANALYSIS OF DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

#### A. Plaintiffs' First Cause of Action

Plaintiffs' first cause of action asserts that Defendant should be "barred from enforcing the [n]ote and [t]rust [d]eed" for two reasons. (Dkt. No. 41 at 6.) First, Defendant failed to prove it

holds the note under Utah Code Ann. § 70A-3-301. (*Id.*) Second, Defendant failed to prove its status as the trust deed beneficiary under Utah Code Ann. § 57-1-19. (*Id.*)

Defendant argues, and this Court agrees, that Plaintiffs' first cause of action fails to state a claim upon which relief can be granted. (Dkt. No. 42 at 10-13.) Initially, the Court notes that Utah Code Ann. § 70A-3-301 contains no language requiring a note holder to prove that it holds the note to enforce it. Rather, the statute merely describes those individuals entitled to enforce instruments. Similarly, Utah Code Ann. § 57-1-19 contains no language requiring a trust deed beneficiary to prove its beneficiary status to enforce said trust deed. The statute merely defines the terms "beneficiary" and "trust deed."

Furthermore, courts in this jurisdiction have "repeatedly rejected" the requirement that a beneficiary "produce the actual note" to enforce it. (Dkt. No. 42 at 12.) *See Koyle v. Wells Fargo Bank Minn., N.A.*, No. 2:11-CV-446 TS, 2012 WL 627673, at *4 (D. Utah Feb. 24, 2012) (unpublished) (rejecting allegation that plaintiff was "entitled to" a "Proof of Claim that" the defendant "ha[d] the legal right to enforce the promissory note on which they [] attempt[ed] to . . . collect payment(s)" because the "Court ha[d] repeatedly rejected similar 'show me the note' theories.") (internal quotations and citation omitted); *Needham v. Fannie Mae*, 854 F. Supp. 2d 1145, 1154 (D. Utah 2012) ("Utah law on nonjudicial foreclosure contains no requirement that the beneficiary produce the actual note.") (quotation omitted).

The relevant case law above permits Defendant to "foreclose on Plaintiffs' property" without showing the note and trust deed. (Dkt. No. 47 at 3.) Extending this reasoning, Defendant should be able to "accept Plaintiffs' monthly mortgage payments" without showing the note and trust deed. (*Id.*)

### B. Plaintiffs' Second Cause of Action

Plaintiffs' second cause of action essentially mimics the first. However, Plaintiffs add that they also seek declaratory judgment because Defendant failed to comply with Utah Code Ann. § 70A-3-309. (Dkt. No. 41 at 6.) Given this failure, Defendant cannot "protect [Plaintiffs] against any loss that might occur by reason of a claim by another person to enforce the [n]ote . . . ." (*Id.*)

Utah Code Ann. § 70A-3-309 entitles persons "not in possession of" a lost, destroyed, or stolen instrument "to enforce the instrument if" the person can prove its terms and their right to enforce it. A "court may not enter judgment in favor of the person seeking enforcement unless . . . the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument." *Id.* § 70A-3-309(2).

The Court concludes that Plaintiffs' second cause of action should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiffs never allege that their note and trust deed have been lost, destroyed, or stolen. They never allege that someone other than Defendant has tried to enforce the note or trust deed. In short, Plaintiffs fail to allege facts to demonstrate that Utah Code Ann. § 70A-3-309 applies to their situation. The fact that Defendant chose not to provide Plaintiffs the note is inconsequential because Defendant bears no duty to so, as explained above.

### C. Plaintiffs' Third Cause of Action

Plaintiffs' third cause of action asserts that Defendant should be barred from enforcing the note and trust deed because it breached the implied covenant of "good faith and fair dealing" in Utah's Uniform Commercial Code ("UCC"), Utah Code Ann. § 70A-1a-304. (Dkt. No. 41 at 7.) Plaintiffs specify that Defendant breached this covenant when it failed to provide Plaintiffs "requested documentation" and "verification of the debt and the right to enforce the" note and

trust deed. (*Id.*) However, for the reasons discussed below, Plaintiffs' third cause of action should be dismissed under Fed. R. Civ. P. 12(b)(6).

Defendant argues that UCC Article 3 only applies to negotiable instruments as defined in Utah Code Ann. § 70A-3-104. (Dkt. No. 42 at 13.) Because mortgage instruments do not constitute negotiable instruments, the Utah UCC does not apply to Plaintiffs' complaint. (*Id.* at 14.)

For Plaintiffs' benefit, the Court assumes that Utah Code Ann § 70A-1a-304's implied covenant of good faith and fair dealing applies to mortgage instruments. Even assuming this, the statute does not require a person to show the instrument to collect on it. Moreover, Defendant correctly notes that Plaintiffs fail to cite any authority for their claim that Defendant violated the covenant of good faith and fair dealing by failing to show Plaintiffs either the note or trust deed. (Dkt. No. 47 at 7.) *See Wayne v. HomeEq Serv., Inc.*, No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008) (unpublished) ("Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status.")

Additionally, Defendant persuasively argues "it would make no sense that Utah would require the loan servicer to tender the original note . . . to 'prove' its right to be paid [under the UCC], when "Utah does not require presentation of the original note to initiate foreclosure proceedings." (Dkt. No. 47 at 4.)

V.     **RECOMMENDATIONS**

For the reasons discussed above, this Court **RECOMMENDS** that the District Court **GRANT** Defendant's motion to dismiss Plaintiffs' second amended complaint with prejudice. (Dkt. No. 42.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 11th day of March, 2014.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge